UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1) JOEL FRANKLIN BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: CIV-12-460-M |
| | ) | |
| 1) UNITED FINANCIAL CASUALTY COMPANY, | ) | *(formerly District Court of Payne county; Case No. CJ-2011-494)* |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, United Financial Casualty Company (hereinafter referred to as "UFCC"), hereby removes the above-captioned action from the District Court in Payne County, State of Oklahoma, to this Court. Pursuant to LCvR 81.2(a), a certified copy of the state court docket sheet as well as all documents filed or served in the state court action are attached hereto as **EXHIBITS 1-3, 6**. United Financial has neither received nor filed other pleadings or papers in this case.

The removal of this case to federal court is based on the following:

1.     Plaintiff Joel Franklin Brown ("Plaintiff") commenced this action against UFCC in the District Court of Payne County, State of Oklahoma (Case No. CJ-2011-494), on October 27, 2011. (*See* Plaintiff's Petition, attached as **EXHIBIT 2**.)

2.     On April 9, 2012, pursuant to Oklahoma Statute, Title 36, Section 621(B) Plaintiff served a summons and copy of the Petition against UFCC by service of process upon the Oklahoma Insurance Commissioner. (*See* Return of Service Documents, attached as **EXHIBIT 3**.)

3. In his Petition, Plaintiff alleges that on January 5, 2009, Plaintiff "was traveling westbound on Airport Road Yale, Payne County, Oklahoma, when a vehicle driven by Floyd Michael Methaney failed to yield to a vehicle on the right, causing him to strike Plaintiff's vehicle." (*See* Petition, attached as **EXHIBIT 2,** p.1, ¶ 1) Plaintiff further alleges that Floyd Michael Methaney is uninsured. (*See* Petition, attached as **EXHIBIT 2,** p.1, ¶ 4). As a result of subject accident, Plaintiff alleges that he suffered "serious personal injuries," and he "prays for judgment against the Defendant in an amount in excess of $75,000.00." (*See* Petition, **EXHIBIT 2,** p.2, ¶ 8.)

4. At the time of the relevant accident, UFCC insured Plaintiff under policy no.01767231-9. The policy provided uninsured motorist coverage in the amount of $350,000.00 (combined single limit). (*See* Declarations Page, attached as **EXHIBIT 4.**)

5. This case became removable upon service to UFCC. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Rasul v. Bush*, 542 U.S. 466, 489 (2004). For a federal court to have original jurisdiction of a case or controversy, there must exist a federal question or diversity jurisdiction. There exists diversity jurisdiction in this case.

6. Specifically, pursuant to 28 U.S.C. §1332(a)(2), this action is a civil action over which this Court has original jurisdiction, as it is between citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interests and costs, as shown below.

7. At the time of filing, the relevant time period, upon information and belief, Plaintiff was a resident and citizen of the State of Oklahoma. (*See* Petition, attached as

EXHIBIT 2, p.1, ¶ 1; *see also Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004) (stating that jurisdiction depends upon the state of things at the time of filing). Plaintiff was not a citizen of the State of Ohio.

8. For purposes of removal under 28 U.S.C. § 1441, a corporation shall be deemed to be a citizen of any state by which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. §1332(c). While Congress never exactly defined what is a "principal place of business," the Supreme Court held unanimously that a corporations principal place of business is presumed to be the place of the corporations "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010).

9. At the time of filing, UFCC was a foreign corporation, incorporated under the laws of the State of Ohio and its "nerve center" or "principal place of business" is Ohio. United Financial was not a citizen of the State of Oklahoma (*See* 2010 Annual Statement, attached as EXHIBIT 5.).

10. The requirement that Plaintiff seek in excess of $75,000.00, exclusive of interest and cost, is also met. "The right of removal depends upon the case disclosed by the pleadings when a petition therefore is filed." *Woerter v. Orr*, 127 F.2d 969 (10th Cir. 1942). Here, as disclosed by the pleadings, Plaintiff specifically set forth that he is seeking "judgment against the Defendant in an amount in excess of $75,000.00, together with interest and costs of this action, and for such other and further relief as the Court may deem just and proper."(*See* Petition, EXHIBIT 2, p.2, ¶ 8.)

11. Therefore, based on the foregoing, removal is proper under 28 U.S.C. §1441(a) on the ground that this is a civil action over which the Court has original jurisdiction under 28 U.S.C. §1332(a)(2), as the parties are diverse and the amount in controversy with respect to Plaintiff's claim exceeds $75,000.00, exclusive of interest and costs.

12. Next, federal statute requires that none of the parties served as defendants be citizens of the State in which the action is brought. *See* 28 U.S.C. §1441(b). As shown above, UFCC is not a citizen of the State of Oklahoma, the state in which this action was brought.

13. This Notice of Removal is timely filed with this Court, pursuant to 28 U.S.C. §1446(b), because 30 days have not elapsed since this action became removable to this Court. (*See* Return of Service Documents, served on April 9, 2012, **EXHIBIT 3**.) Additionally, pursuant to the same federal statute, one year has not elapsed since the commencement of this action. (*See* Petition, filed on October 27, 2011, **EXHIBIT 2**.)

14. Lastly, this Notice of Removal has been removed to the proper federal district court. The pertinent language of 28 U.S.C. §1446(a) provides that the defendant shall file the Notice of Removal in "the District Court of the United States for the District and Division within which such action is pending." 28 U.S.C. §1146(a). Currently, this action is pending in the District Court of Payne County, State of Oklahoma. The Western District of Oklahoma includes the County of Payne County. *See* 28 U.S.C. §116(c). Therefore, removal to this Court is proper.

15. Pursuant to 28 U.S.C. §1446(d), UFCC will serve written notice of the filing of this Notice of Removal upon Plaintiff, and UFCC will file a copy of the Notice of Removal with the Clerk of the District Court in and for Payne County, State of Oklahoma.

WHEREFORE, Defendant, UFCC, removes this action from the District Court in and for Payne County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma.

Respectfully submitted,

*/s/ Brad L. Roberson*

Brad L. Roberson, OBA No. 18819
Dearra R. Godinez, OBA No. 30088
PIGNATO, COOPER, KOLKER & ROBERSON, P.C.
1120 Robinson Renaissance
119 North Robinson Avenue
Oklahoma City, Oklahoma 73102
Telephone:   (405) 606-3333
Facsimile:   (405) 606-3334
Email:       Brad@pclaw.org
             Dearra@pclaw.org
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This certifies that on April 26, 2012, the above and foregoing instrument was delivered to the following counsel of record:

| | |
|---|---|
| Greg Barnard, Esquire<br>LOFTIS & BARNARD<br>225 N. Peters, Suite 1<br>Norman, Oklahoma 73069<br>**ATTORNEY FOR PLAINTIFF** | *VIA CERTIFIED U.S. MAIL* |
| Ms. Lisa S. Lambert<br>PAYNE COUNTY COURT CLERK<br>206 Courthouse<br>606 South Husband Street<br>Stillwater, Oklahoma 74074 | *VIA U.S. MAIL* |

_____
For the firm